F. W. MOORE, Appellant, v. KANSAS CITY, SPRING-
FIELD & MEMPHIS RAILROAD COMPANY,
Respondent.

### Kansas City Court of Appeals, May 10, 1888.

CASE ADJUDGED—STATUTE OF FRAUDS.—The court upon consideration
of the evidence in this case, wherein defendant is sought to be
held for the debt of a third party, holds that if there was such
agreement by defendant there was no sufficient consideration upon
which to base it, and that the promise, if made, was not in writ-
ing ; and that the case does not come within the principle of the
cases which hold that when one undertakes to pay the debt of
another, and by the same act pays his own debt, which was the
motive of the promise, the undertaking is not within the statute
of frauds and need not be in writing.

APPEAL from Dallas Circuit Court, HON. W. I.
WALLACE, Judge.

*Affirmed.*

The case is stated in the opinion.

R. W. FYAN, for the appellant.

I. It was error to instruct the jury to find and
return a verdict for defendant. The case was not within
the statute of frauds. The defendant railroad company
was indebted to Strang & Son at the time it promised to
pay plaintiff (Moore), and in promising to pay Moore it
extinguished a debt which it owed Strang & Son, and
the promise made by the defendant to pay plaintiff was
a direct undertaking of the debtor to pay his own debt
and the case was not within the statute of frauds.
*Hall v. Dollarhide,* 61 Mo. 433 ; *Flanagan v. Hutchison,*
47 Mo. 237 ; *Sinclair v. Bradley,* 52 Mo. 180. "This
rule, however, seems to be well established and rests on
solid ground, namely, that when one undertakes to pay

the debt of another and by the same act also pays his own debt which was the motive of the promise, the undertaking is not within the statute and need not be in writing. In such a case the promise of the party is rather to pay his own debt than an undertaking to pay the debt of another." *Besshears v. Rowe,* 46 Mo. 503.

II.  When the promise arises out of some new consideration of benefit or harm moving between the newly contracting parties, the case is not within the statute of frauds at all, and may rest in parol as in ordinary cases. *Farley v. Cleveland,* 4 Cowen [N. Y.] 435. "If the promise springs out of any new transaction or moves to the party promising upon some fresh and substantial ground of a personal concern to himself, it is not within the statute." Roberts on Frauds, 232.

III.  When there are facts established from which the jury may reasonably draw legitimate inferences tending to sustain an issue, the court should not interfere, and if there is any evidence, however slight, tending to sustain the allegations of the petition, the court should not take the case from the jury. *Kelley v. Railroad,* 70 Mo. 604; *Moody v. Deutsch,* 35 Mo. 243; *Emmerson & Childs v. Sturgeon,* 18 Mo. 170; *Hay v. Bell,* 16 Mo. 496; *Smith v. Hutchison,* 83 Mo. 683.

C. B. McAfee, for the respondent.

I.  The alleged promise of George H. Nettleton (even if the testimony of plaintiff proves a promise at all) is the promise to pay the debt of another, not in writing, and is within the statute of frauds and the instruction was properly given for this reason. *Bissey v. Britton,* 59 Mo. 204; *Glenn v. Lehnen,* 54 Mo. 45; *Parker v. Scudder,* 56 Mo. 272; *Walther v. Merril,* 6 Mo. App. 36; *Green v. Estis,* 87 Mo. 337; *Petit v. Braken,* 55 Ind. 201; *Furbish v. Goodnow,* 98 Mass. 296; *Kruts v. Stewart,* 54 Ind. 178; *Braston v. Henderson,* 44 Md. 607; *Thomas v. Delphy,* 33 Md. 373; *Duffy v. Wunsch,* 42 N. Y. 243.

II.  The allegations of the petition, denied by the

answer, are that defendant was largely indebted to Strang and that Strang was indebted to plaintiff $1, 242.31, and that defendant promised to pay this sum to plaintiff out of what it owed Strang, and in pursuance of this promise did pay nine hundred dollars, but refused to pay the balance.   There is no evidence whatever that defendant owed Strang at all, but on the contrary it was proven by plaintiff's own witness, Ford, and by Gen. Nettleton, president of the defendant, and not contradicted, that defendant did not owe Strang at all.   It was proven by Ford, plaintiff's own witness, and by other testimony on part of plaintiff, that the nine hundred dollars was paid on the written contract of July 6, and not upon the pretended verbal agreement of July 12.   There is no evidence to sustain the allegation of the petition and the instruction was properly given for this reason.   *State to use v. Roberts*, 82 Mo. 388 ; *Charles v. Patch*, 87 Mo. 462, 463 ; *Nolan v. Shickle*, 3 Mo. App. 300.

III.   The law always requires promises to pay other people's debts proven clearly and precisely even when not within the statute.   This, at most, could only be an implied promise, and plaintiff's own evidence, when taken as strongly against him as required by the rule, does not show an implied promise.   *Walther v. Merril*, 6 Mo. App. 38.

IV.   On the twelfth of July when the pretended promise upon which plaintiff sues was made, Strang and the defendant had fully made and consummated their settlement and neither owed the other anything, and there is no pretense that any sum or other consideration passed to defendant to uphold the promise even if ever so solemnly and precisely made.   Besides, the promise is claimed to have been made to the creditor Moore and not to the debtor Strang.   See authorities cited above; *Walther v. Merril*, 6 Mo. App. 38.

V.   The petition counts upon a novation, but there is a failure of proof.   The allegation of indebtedness on part of defendant to Strang is disproved by himself on

the trial. The promise pleaded is not proved as alleged. And no promise at all is proven as alleged. The petition is not based at all upon the alleged promise of July 12. And there is no evidence to sustain the allegation of the petition, and the instruction was properly given for this reason. See authorities cited. The appellant has cited, *Hall v. Dollarhide*, 61 Mo. 433; *Flannagan v. Hutchinson*, 47 Mo. 237; *Sinclair v. Bradley*, 52 Mo. 180; *Bershears v. Rowe*, 46 Mo. 593; *Farley v. Cleveland*, 4 Cowen, 435. These five cases are all of the same character, and are decided upon precisely the same principle, and the doctrine of these cases is not controverted by the respondent. The promise in each and all of them was not to pay the debt of another, but were original promises to pay the promisor's own debt, and based upon a consideration, and therefore not within the statute. But they are not in point here. Because defendant, on the twelfth day of July, 1882, owed Strang nothing, and the pretended promise to pay the balance of Strang's debt, to Moore, to-wit, $342.31, is a promise (if a promise at all) to pay Strang's debt, is not in writing, and is based upon no consideration whatever.

ELLISON, J.—Plaintiff, a merchant, furnished supplies to one Strang, a contractor who was constructing a portion of defendant's roadbed in Wright and Webster counties. Defendant's contract with Strang provided for its rescission upon certain contingencies. The contract was rescinded on July 6, 1882, by a written agreement in which, as a part of the consideration thereof, defendant assumed the payment of certain debts owing by Strang, among them the sum of nine hundred dollars, due to plaintiff from Strang. There was a provision in this agreement in these words: "It is not pretended that the above bills are exact in amounts. But it is understood that payments will not be made in excess of the sums stated." It seems that Strang owed plaintiff $342.31 more than was assumed in this agreement, and it is for this latter sum, that plaintiff institutes this

action against defendant.     An instruction in the nature of a demurrer to the evidence was sustained, and plaintiff appeals.

It will be observed that defendant is being sued for the debt of Strang, and the question is, has plaintiff shown by the evidence that such debt has become that of defendant?

We will not enter into a detailed statement of the evidence, but rest content by stating that an examination thereof, as it has been preserved, satisfies us that the court's action on the instruction was correct.     The written agreement between defendant and Strang provided for Strang surrendering his contract of construction, delivering up the roadbed, and releasing defendant from all liability thereunder, the consideration being the sums of money already paid Strang, *and* the assumption by defendant of certain specified debts owing by Strang, among the number nine hundred dollars, owing to plaintiff.     This nine hundred dollars was paid to plaintiff as agreed, and if we should go so far as to say there was evidence to support a further agreement on defendant's part made afterwards, to pay Strang's debt, we can find no sufficient consideration upon which to base it.     Again, if the promise to pay plaintiff be conceded, it was but the promise to pay the debt of another and should have been in writing.     But plaintiff seeks to avoid this trouble by the assertion, that when one undertakes to pay the debt of another and by the same act also pays his own debt, which was the motive of the promise, the undertaking is not within the statute and need not be in writing, such case being rather a party's promise to pay his own debt, than an undertaking to pay the debt of another.     This is a correct statement of the law, but to be applicable to this case, it should be shown that defendant was indebted to Strang, which has not been done.

Our opinion is, the judgment should be affirmed, and it is so ordered.